The People of the State of New York ex rel. Joseph Rich-
ards, Appellant, against Robert J. Kirby, as Warden of Sing
Sing Prison, Respondent.

Submitted June 11, 1943; Decided July 20, 1943.

*Joseph Richards,* appellant in person. The conviction being
in its nature illegal, as predicated upon an unconstitutional
statute, a writ of habeas corpus will lie for relief. The relator
was found guilty under an indictment charging him with the
commission of crime " as a third offender." Thereafter the
District Attorney filed an information charging the relator with
being a fourth offender when he committed the crimes because
of a conviction of escape in addition to the convictions charged
in the indictment. On a jury's verdict that he was the same
person mentioned in the record referred to in the information
he was sentenced as a fourth offender. The people were bound
by the first verdict and estopped from proceeding with the
information. Sections 1942 and 1943 of the Penal Law do not
apply. Section 1699 of the Penal Law specifically states that
the crime of escape is not to be used as a basis for the charge
contained in the information. (*People ex rel. Dixon* v. *Lewis,*
249 App. Div. 464; *People* v. *Pinder,* 170 Misc. 345; *People ex
rel. Fry* v. *Hunt,* 29 N. Y. S. 2d 927; *People ex rel. Battista*

v. *Christian,* 249 N. Y. 314; *Matter of Bain,* 121 U. S. 1; *Matter of McClusky,* 40 F. 71; *Terwilliger* v. *People,* 299 N. Y. S. 351; *Nielsen,* Petitioner, 131 U. S. 176.)

*Nathaniel L. Goldstein, Attorney-General (Herbert A. Einhorn* and *Orrin G. Judd* of counsel, for respondent. The appeal should be dismissed because there are other questions involved than a constitutional question. (*Lewis* v. *Board of Education,* 275 N. Y. 480; *Matter of Chirillo,* 283 N. Y. 417; *Powers* v. *Porcelain Insulator Corp.,* 285 N. Y. 54.) The relator is not entitled to a writ of habeas corpus, as his appropriate remedy was by appeal. (*People ex rel. Danziger* v. *Protestant Episcopal House of Mercy,* 128 N. Y. 180; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *People ex rel. Holt* v. *Lambert,* 237 App. Div. 39, 262 N. Y. 511; *People ex rel. Patrick* v. *Frost,* 133 App. Div. 179; *People ex rel. Price* v. *Hayes,* 151 App. Div. 561; *People ex rel. St. Clair* v. *Davis,* 122 N. Y. S. 788, 143 App. Div. 579; *People ex rel. Rogalski* v. *Martin,* 290 N. Y. 751; *Terwilliger* v. *People,* 299 N. Y. S. 351; *People* v. *Richards,* 263 App. Div. 586; *People ex rel. Carollo* v. *Brophy,* 263 App. Div. 238; *Matter of Terwilliger* v. *Turk,* 156 Misc. 246; *Carlesi* v. *New York,* 233 U. S. 51; *Graham* v. *West Virginia,* 224 U. S. 616; *People ex rel. Temple* v. *Brophy,* 248 App. Div. 442, 273 N. Y. 487; *People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96.)

*Per Curiam.* Relator, acting as his own attorney, attempts to appeal direct to this court from the dismissal at Special Term of his writ of habeas corpus. Such a direct appeal can be taken where " the only question involved on the appeal is the validity of a statutory provision of the state or of the United States under the constitution of the state or of the United States; and on any such appeal only the constitutional question shall be considered and determined by the court." (Civ. Prac. Act, § 588, subd. 4.) On his attempted direct appeal here relator has raised other questions. He argues that sections 1699, 1942 and 1943 of the Penal Law were misconstrued by the court which sentenced him originally with the result, as he contends, that he was sentenced as a fourth offender instead of as a third offender. Serious though those questions may be, they cannot be answered on this appeal.

The appeal should be dismissed. (See 291 N. Y. 705.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Appeal dismissed.